UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6078-CIV-ZLOCH
MAGISTRATE JUDGE SORRENTINO

JOHN CAPELLETTI,  :

    Petitioner,  :

v.  :    <u>ORDER TO SHOW CAUSE</u>
        <u>28 U.S.C. §2254</u>

MICHAEL W. MOORE,  :

    Respondent.  :

FILED by _____ D.C.
MAG. SEC.

MAR - 3 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

    John Capelletti has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking a state conviction. It is thereupon

    ORDERED AND ADJUDGED as follows:

    1. On or before May 3, 2000, the respondent shall file a memorandum of fact and law to show cause why this petition should not be granted, paying particular attention to the question of exhaustion of state remedies as to the federal issues raised, and shall file therewith a transcript of the petitioner's trial, copies of briefs filed on direct appeal, and any motions seeking relief pursuant to <u>Fla.R.Crim.P.</u> 3.850, or state habeas corpus, orders entered thereon, and briefs on appeal therefrom. <u>The memorandum shall contain complete citations to all decisions of the Courts of Florida in this case</u>.

    2. The respondent is instructed that if the state argues that the limitations period established by 28 U.S.C. §2244(d) has expired, it shall 1) state the date it believes the judgment became final and the reasons for that conclusion and 2) set forth all post



conviction proceedings and the relevant dates, and make the computation required by 28 U.S.C. §2244(d)(2).

3. To prevent motions for extension of time, counsel for the respondent is notified that an extended period for the response has been provided in this case. NO MOTIONS FOR EXTENSION OF TIME WILL BE GRANTED EXCEPT UNDER THE MOST EXTRAORDINARY CIRCUMSTANCES, WHICH WILL PROBABLY REQUIRE A HEARING IN OPEN COURT.

4. Counsel for the respondent shall notify this office telephonically within one week of receipt of this Order of the name of the lawyer to whom the case is assigned.

5. Counsel for the respondent is requested to caption the response as a Response and not a Motion to Dismiss. The statute, 28 U.S.C. §2243, calls for a "Return;" Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts calls for an "Answer." When a response, return, or answer is labeled as a motion to dismiss, it confuses the Court's computer.

DONE AND ORDERED at Miami, Florida this 2 day of March, 2000.

[signature]
UNITED STATES MAGISTRATE JUDGE

cc: John Capelletti, Pro Se
    DC #905604
    Zephyrhills Correctional Institution
    2739 Gall Blvd.
    Zephyrhills, FL 33541-9701

Cecilia Terenzio
Assistant Attorney General
Department of Legal Affairs
1655 Palm Beach Lakes Blvd., #300
West Palm Beach, FL 33401-2299