UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6078-Civ-ZLOCH
MAGISTRATE JUDGE SORRENTINO

JOHN CAPELLETTI,                :

    Petitioner,            :

v.                              :     REPORT OF
                                         MAGISTRATE JUDGE
MICHAEL W. MOORE,               :

    Respondent.           :
_____



John Capelletti, a state prisoner confined at DeSoto Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his conviction of attempted first degree murder following a jury trial in Broward County Circuit Court case number 97-7797 CF.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition the Court has the petitioner's memorandum of law with numerous exhibits, and the state's response to an order to show cause with multiple additional



exhibits.

Capelletti makes the following claims:

1. His due process rights were violated when the trial court denied his motion for judgment of acquittal when there was no factual evidence to convict him.

2. His due process rights were violated when the trial court denied his motion for mistrial and allowed improper, irrelevant and inflammatory testimony.

3. His due process rights were violated when the trial court imposed an upward departure sentence.

4. The appellate court erred in affirming his conviction where sufficient grounds were presented to warrant a new trial.

On May 7, 1997, Capelletti and a codefendant were charged by information with attempted first degree murder in a shooting that resulted from a dispute over an asserted debt of $160. [DE 7, Ex.A] He was tried to a jury in January, 1998, and found guilty of the offense charged. [DE 7, Ex.B-C] On January 8, 1998, Capelletti was sentenced in an upward departure to serve 30 years in prison. [DE 7, Ex.H]

Capelletti prosecuted a direct appeal, raising claims one

through three of this federal petition, as listed above. [DE 7, Ex.L] On February 3, 1999, his conviction and sentence were affirmed without written opinion, Capelletti v. State, 729 So.2d 935 (Fla. 4 DCA 1999)(table), and the mandate issued on April 9, 1999. [DE 7, Ex.S] This federal proceeding ensued on January 7, 2000.[1]

The respondent correctly acknowledges that this petition was timely filed pursuant to 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996.

The respondent challenges all but one of Capelletti's claims as unexhausted. Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. Anderson v. Harless, 459 U.S. 4 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11 Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979).

Although "it is not required that the petitioner present book

---

[1] The Eleventh Circuit now recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999 (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 14]

and verse on the federal constitution," <u>Hutchins, supra</u> at 519, it has long been recognized that both the substance of the claim and the federal constitutional issue itself must have been presented to the state courts. <u>Anderson v. Harless</u>, <u>supra</u>; <u>Galtieri v. Wainwright</u>, 582 F.2d 348 (5 Cir. 1978)(en banc); <u>Watkins v. Estelle</u>, 527 F.2d 1336 (5 Cir. 1976).

In <u>Picard v. Connor</u>, 404 U.S. 270 (1971), the Supreme Court held that, for purposes of exhausting state court remedies, a claim for habeas corpus relief must include reference to a specific federal constitutional guarantee, as well as a statement of the facts the petitioner believes entitle him to relief. In that case, the Court considered whether a habeas petitioner was entitled to relief on a claim that the indictment procedure by which he was brought to trial violated equal protection. The petitioner had presented the state courts with the facts underlying the claim, but had not argued in that forum that his federal rights thereby had been violated.

The Supreme Court in <u>Picard</u> held that "the substance of a federal habeas corpus claim must first be presented to the state courts" for the claim to be exhausted, <u>id</u>. at 278, and rejected the contention that a petitioner exhausts a claim by presenting the

4

state courts only with the underlying facts. "The [state Court] dealt with the arguments [the petitioner] offered; we cannot fault that Court for failing also to consider sua sponte whether the indictment procedure denied [the petitioner] equal protection of the laws." Id. at 277.

That the same principle is still operative is indicated by more recent Supreme Court decisions, where it has been emphasized in a variety of contexts. See, e.g., Gray v. Netherlands, 518 U.S. 152 (1996)(claims involving failure to give adequate notice of evidence and misrepresentation of evidence required exhaustion in federal constitutional terms); Duncan v. Henry, 513 U.S. 364 (1995)(claim of evidentiary error not exhausted for purposes of federal review where presented to the state courts only as a violation of state law, and not expressly as a violation of due process guaranteed by the Fourteenth Amendment).

In his first claim, Capelletti argues that his right to due process was violated when the trial court denied his motion for judgment of acquittal because there was no factual evidence to convict him. the Careful review of the initial brief filed by the petitioner on direct appeal [DE 7, Ex.L] reveals that, as the respondent asserts, no federal authorities were cited in support of

his claim in that forum. Instead, Capelletti cited only Florida case law in support of his contention that the circumstantial evidence of his guilt was insufficient to lead to a "reasonable and moral certainty" that he committed the offense charged. [Id. at 7, citing Brown v. State, 672 So.2d 648 (Fla. 4 DCA 1996)] Since the Florida courts were not thereby alerted to any alleged violation of Capelletti's due process right as guaranteed by the Fourteenth Amendment, the first claim of this federal petition which invokes that Constitutional principle was not exhausted in the state proceedings. Duncan v. Henry, supra.

Moreover, even if Capelletti's first claim were deemed exhausted, it is apparent he would receive no federal relief. The standard for review of the sufficiency of the evidence on a petition for state habeas corpus relief is whether the evidence presented, viewed in a light most favorable to the state, would have permitted a rational trier of fact to find the petitioner guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Smith v. White, 815 F.2d 1401 (11 Cir. 1987). In Florida, in order to sustain a conviction of attempted first degree premeditated murder, it must be shown that the defendant did some act intended to cause the death of another, and acted with a premeditated design to kill, that is, with a

6

conscious design to kill. [T.544-45] In this case, the jury heard evidence that Capelletti had assisted his neighbor, D'Ambrosio, with a move to Georgia, but had not returned to Florida with D'Ambrosio as planned because he was arrested and jailed while in Georgia. Capelletti became upset because he believed D'Ambrosio left him in Georgia, owed him $160, and had refused to help him make bail. [T.398-99]

Two months after returning to Florida, D'Ambrosio was confronted by Capelletti and the codefendant, Ruiz. In a heated argument, Capelletti told D'Ambrosio that he was upset because D'Ambrosio owed him money and left him in Georgia. D'Ambrosio denied the accusations, and Capelletti became more upset. [T.266-69] Ruiz stepped out of the car in which he and Capelletti had been riding and yelled three times, "Are we going to do this or what?" [T.265, 269-71] Capelletti then yelled at D'Ambrosio, "I want you to know that I'm going to kill you, do you understand me?' [T.271-72] Following D'Ambrosio, Capelletti continued to scream, "You hear me, you hear me, I'm fuckin' going to blow your fuckin' head off, you hear me?" [T.271-72] D'Ambrosio got in his car and left the gas station where this exchange had occurred, but Ruiz and Capelletti gave chase onto I-95, and after several miles of traffic maneuvers worthy of a Hollywood feature film, D'Ambrosio was hit in the neck

by a shotgun blast. [T.273-78]

Under these circumstances, the evidence was plainly sufficient to allow the jury to find Capelletti guilty of attempted first degree murder beyond a reasonable doubt. Jackson v. Virginia, supra. Capelletti's argument that he should have been acquitted because there was no evidence that he personally fired the gun is without merit, because Florida law is clear that a person may be convicted of a criminal offense if he aided and abetted its principals. Fla. Stat. §777.011. To be convicted as a principal for a crime actually committed by another, a defendant must intend that the crime be committed and do some act to assist the other person in actually committing the crime. Staten v. State, 519 So.2d 622, 624 (Fla. 1988). In this case, both Capelletti and his codefendant vociferously proclaimed a common intent to kill D'Ambrosio prior to his shooting, and they acted in concert to chase him down and do their best to effect that intent. Clearly, then, no federal relief is warranted on Capelletti's first claim.

In his second claim, Capelletti asserts that his due process rights were violated when the trial court denied his motion for mistrial and allowed improper, irrelevant and inflammatory testimony.

Section 104(d) of the [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court recently decided <u>Williams v. Taylor</u>, ___ U.S. ___, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999), and held that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the

facts of the prisoner's case.

Williams v. Taylor, ___ U.S. ___, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999.

The record reveals that Capelletti's motion for mistrial was based on certain answers given by the shooting victim, D'Ambrosio. On two occasions, D'Ambrosio stated that he paid Capelletti to help him with household chores because Capelletti was "good entertainment" [T.249], and that before the screaming incident at the gas station Capelletti was "a little lit." [T.254] Defense objections to both of these comments were sustained and curative instructions were given, but no motion for mistrial was made in either case. In addition, defense counsel objected when D'Ambrosio stated that the amount of Capelletti's bond "varied" [T.258] and when D'Ambrosio said that Capelletti had borrowed money from him "umpteen" times [T.266], and the objections again were sustained but no motion for mistrial was made.

Later, in relating his conversation with Capelletti about the money he allegedly owed the petitioner, D'Ambrosio stated that Capelletti "woke up and became conscious and he was in jail." [T.266-67] Defense counsel objected "to this characterization" and

the objection was sustained [T.267], and a subsequent request for a mistrial was denied, with the court reminding counsel to ask his questions in such a way that the witness' freedom to embellish would be limited. [T.268]

Subsequently, in describing the traffic maneuvers the codefendants executed in catching up to his vehicle, D'Ambrosio said they were "doing somersaults." [T.276] A defense objection to that term was overruled. Further along in his testimony, D'Ambrosio interjected, "Terry Nichols wasn't even in Oklahoma ..." [T.317-18], and a motion to strike the comment was granted and the jury was instructed to disregard it, but a motion for mistrial was denied. [T.318] When asked if he liked John Capelletti, D'Ambrosio stated, "No, I liked John Capelletti. I liked John Capelletti. Greta guy to play with, but dangerous." [T.350] In response to defense counsel's objection, the judge had the jury escorted from the courtroom and warned D'Ambrosio that a mistrial would be granted unless he stopped putting his "own extra spin" on his answers. [T.351]

In several additional instances, the court cautioned D'Ambrosio that his answers must be responsive to the questions put to him. [T.305-09, 322-23, 330] When D'Ambrosio was asked about a

prior case for which he was on probation, he stated that he would rather not talk abut it [T.333-34], and although there was no objection the court again excused the jury and cautioned D'Ambrosio that although a mistrial at that stage of the proceedings would not be desirable, it would be granted if necessary. [T.335-36] Defense counsel then renewed her motion for mistrial, which was denied. [T.337]

Under federal law, in order for an allegedly prejudicial statement to rise to the level of a due process violation, the remarks when viewed in the context of the entire trial must be of "sufficient significance" to deny the petitioner a fair trial. <u>Greer v. Miller</u>, 483 U.S. 756, 765 (1987); <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985). In this case, there is no indication that the fundamental fairness of Capelletti's trial was vitiated by the foregoing statements. Therefore, the state courts applied the appropriate principles and reached a reasonable result in denying Capelletti's second claim, and that result should stand here. <u>Williams v. Taylor</u>, <u>supra</u>.

In his third claim, Capelletti argues that his due process rights were violated when the trial court imposed an upward departure sentence. Such a claim is not a cognizable predicate for

federal habeas corpus relief. The Eleventh Circuit holds that federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. Branan v. Booth, 861 F.2d 1507 (11 Cir. 1988), and cases cited. A state court's error in applying its own sentencing provisions is not cognizable on federal habeas corpus review, even when, as here, it is "couched in terms of equal protection and due process." Branan, supra. Consequently, Capelletti as a matter of law is not entitled to federal relief for the state sentencing error he asserts in this proceeding.

Capelletti's fourth claim, that Florida's Fourth District Court of Appeal erred in affirming his conviction because sufficient grounds were presented to warrant a new trial, has never been presented to the state forum in the form in which he brings it here, and so is unexhausted. Anderson v. Harless, supra. Moreover, a careful reading of Capelletti's argument in support of the claim reveals that he avers only that "review of Grounds 1, 2 & 3 in this petition [shows that] the petitioner has brought forth sufficient grounds to show that he was convicted in error and should not be incarcerated." Thus, it appears that in substance Capelletti's fourth claim is no more that a reiteration of his preceding three claims, and it consequently lacks merit for the reasons discussed above.

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the Chief Judge within ten days of receipt of a copy of the report.

Dated: November 20, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc: John Capelletti, <u>Pro Se</u>
DC #905604
DeSoto Correctional Institution
P. O. Drawer 1072
Arcadia, FL 34265-1072

August A. Bonavita, AAG
Department of Legal Affairs
1655 Palm Beach Lakes Blvd., #300
West Palm Beach, FL 33401-2299